NOT DESIGNATED FOR PUBLICATION

No. 115,551

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

DAVID J. HENNING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed July 7, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Jan Jarman*, assistant city attorney, of City of Wichita, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*:  David J. Henning appeals his conviction for violating Wichita Municipal Code, Ordinance 5.12.020 (2007)—taking a motor vehicle without permission. Henning was initially convicted in municipal court. He subsequently appealed to the district court, and a jury convicted him. On appeal, Henning contends that there was insufficient evidence to support his conviction. Based on our review of the record, however, we conclude that there was sufficient evidence presented at trial upon which a reasonable jury could find Henning to be guilty of taking a vehicle without permission in violation of the municipal ordinance. Thus, we affirm.

1

FACTS

Henning and Cynthia McSwain were divorced in January 2011. Subsequently, the district court entered an order in the divorce action clarifying that a 2004 Chevrolet Cavalier—which evidently was used by the couple's minor children—was to be titled in McSwain's name and that she would be financially responsible for the vehicle. Thereafter, McSwain titled the 2004 Cavalier in her name, and she paid personal property tax on the car.

In August 2014, McSwain went out of town and left the 2004 Cavalier in her driveway while she was gone. In the early morning hours of August 8, 2014, McSwain received a text message from Henning stating, "you've done GROSS NEGLIGENCE again leaving the '04 Cav out while on vacation for storms to harm it. All your other vehicles are in the garage." Evidently, McSwain did not respond to the text.

When McSwain got home from vacation, the 2004 Cavalier was in the driveway of her home where she had left it when she went out of town. When she watched video from her home security camera the following day, however, McSwain saw that at about 1 a.m. the previous morning, Henning had used a key to enter the Cavalier and drove it away. He then returned the vehicle to the driveway around 8 a.m. After seeing the video, McSwain called the police and told an officer that she wished to prosecute Henning.

The City of Wichita (City) subsequently charged Henning with one count of taking a motor vehicle without permission in violation of Wichita City Ordinance 5.12.020. The municipal court complaint alleged that Henning took, operated, or removed the 2004 Chevrolet Cavalier without first obtaining permission from the person in charge of the vehicle. On February 13, 2015, the municipal court convicted Henning of violating the ordinance. Thereafter, he appealed to the Sedgwick County District Court.

The district court held a jury trial on October 5, 2015. At trial, McSwain testified regarding her divorce from Henning. She stated that at the time of the divorce, the couple owned six or seven vehicles that had to be divided in the property settlement. One of the vehicles was the 2004 Chevrolet Cavalier. According to McSwain, the Cavalier was originally titled in Henning's name. In April 2011, however, an order was entered in the divorce action granting the Cavalier to McSwain. Subsequently, she titled the vehicle in her name. In addition, McSwain paid the personal property taxes and insurance on the vehicle.

McSwain testified at trial that almost any time there was the potential for rain, Henning would text her to make sure she got the Cavalier under shelter. She also testified that he would check the vehicle to see if there were any scratches or dents. According to McSwain, "This vehicle was like his baby." Furthermore, she testified that Henning was not supposed to have a key to the Cavalier nor did he have permission to use the vehicle. She also testified that she told Henning on several occasions to stay off her property and that she installed video cameras so she could monitor whether he came on her property. However, Henning was allowed to come to her house to pick up the couple's son.

McSwain testified about learning that Henning had moved the vehicle while she was out of town. In addition, the prosecutor played for the jury a video from her security camera purporting to show Henning taking and returning the vehicle in the early morning hours of August 10, 2014. According to McSwain, Henning was supposed to have surrendered his keys to the Cavalier after the divorce court finalized the property division, and she did not know that he still had a key. On cross-examination, McSwain admitted that there was no court order stating that Henning must turn over the keys to the Cavalier. However, she testified that she received a paper signed by Henning stating that he had given her all of the keys.

Next, an officer from the Wichita Police department testified about responding to McSwain's call to the police on August 11, 2014. The officer testified that he viewed the video from the security camera and that McSwain identified Henning as the person who moved the Cavalier. In addition, the officer stated that McSwain had given him several documents:

"She gave me a State Farm Insurance card for the 2004 Chevy Cavalier with Charles and Cynthia McSwain as the insured persons. She gave me a Kansas Department of Revenue 2014 registration for the 2014 Chevy Cavalier listing Cynthia McSwain as the sole owner. She gave me a State of Kansas Vehicle Certificate of Title for the 2004 Chevy Cavalier listing Cynthia K. McSwain as the sole owner having no liens. She also gave me a copy of the video she showed me."

A detective from the Wichita Police Department testified that he became involved when McSwain called the auto theft department on August 29, 2014, to check on the status of the case. After receiving the call, the detective served Henning with the complaint and asked for his side of the story. The detective testified that Henning initially told him he did not take the Cavalier but subsequently admitted that he had moved the vehicle to protect it from being damaged in a storm. Afterwards, Henning sent the detective several emails, including one admitting again that he had moved the Cavalier and stating that McSwain had refused to safeguard the vehicle for several years.

After the City rested, the district court denied Henning's motion to dismiss the charge. Henning then testified in his defense. He told the jury that when he was married to McSwain, it was a common practice to move their cars to protect them from a storm. Henning also testified that the Cavalier was primarily used by the couple's children. He admitted to texting McSwain on August 8, 2014. Henning also admitted to moving the vehicle on August 10, 2014, when he saw that another storm was coming through. According to Henning, he moved the Cavalier to a Capitol Federal location near

4

McSwain's house to protect it from being damaged since he knew the family was out of town.

Henning further testified that he initially denied moving the Cavalier when he spoke to the detective on August 29, 2014. He explained that he was confused about what the detective was talking about but that once he figured out the timeframe, he admitted to moving the car to protect it from a hailstorm. Henning also testified about his emails to the detective in which he was attempting to explain that he just wanted his children to have a decent car and pointed out that the Cavalier was a rare bi-fuel vehicle with low mileage. In addition, Henning testified that he did not know he was breaking any law by moving the car to protect it from damage.

After deliberation, the jury found Henning guilty of taking a motor vehicle without permission in violation of the Wichita City Ordinance. The district court then sentenced Henning to a 6-month jail sentence, which was suspended to 90 days of probation. Moreover, the district court fined Henning $200 and ordered him to pay court costs. Subsequently, Henning timely filed a notice of appeal.

ANALYSIS

On appeal, Henning contends that the City failed to present sufficient evidence at trial to support his conviction. We are required to review the evidence in a light most favorable to the prosecution to determine whether we are convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. See *State v. Belt*, 305 Kan. 381, 397, 381 P.3d 473 (2016); *City of Wichita v. Bannon*, 37 Kan. App. 2d 522, 530, 154 P.3d 1170 (2007). We are not to reweigh the evidence, resolve conflicts in the evidence, or determine the credibility of witnesses. *Belt*, 305 Kan. at 397.

To convict a defendant of a crime, the prosecution must prove each element of the crime beyond a reasonable doubt. *State v. Brown*, 303 Kan. 995, 1001, 368 P.3d 1101 (2016). Here, Henning was convicted of violating Wichita Municipal Ordinance 5.12.020. The ordinance states:

> "It is unlawful for any person to operate, take or remove any automobile or other motor vehicle from the place where left by the owner or person in charge thereof without first having obtained permission from the owner or person in charge thereof to operate, take or remove such automobile or other motor vehicle."

Consistent with the language of the ordinance, the jury was instructed as follows:

> "The defendant is charged with taking a motor vehicle without permission. The defendant pleads not guilty.

> "To establish this charge, each of the following claims must be proved:

> "1.Cynthia McSwain was the person in charge of 2004 Chevrolet Cavalier.
> 2. The defendant (took) (operated) or (removed) the automobile without first having obtained permission from person in charge of the property.
> 3. Vehicle was taken from place where left by person in charge.
> 4. This act occurred on or about the 10th day of August, 2014 in the city of Wichita, Sedgwick County, Kansas."

Henning argues on appeal that the City failed to prove that he did not obtain permission from the owner or the person in charge of the vehicle to remove the Cavalier from McSwain's driveway. According to Henning, the City did not prove that McSwain was either the owner or person in charge of the vehicle at the time of the alleged crime. Based on our review of the record, however, we find that there was sufficient evidence presented by the City upon which a jury could conclude beyond a reasonable doubt that McSwain was the owner or person in charge of the Cavalier on August 10, 2014.

6

The City presented evidence at trial to show that the Cavalier was titled in McSwain's name. In addition, the City presented evidence that the vehicle was registered in McSwain's name in 2014 and that she maintained insurance on the vehicle. Because we cannot reweigh the evidence or resolve conflicts in the evidence, we conclude that the City presented sufficient evidence that McSwain was the owner or person in charge of the vehicle. See *Belt*, 305 Kan. at 397.

Next, Henning argues that the City failed to present sufficient evidence to prove intent, knowledge, or recklessness. Intent and knowledge can be proved by circumstantial evidence. *State v. Richardson*, 289 Kan. 118, 127, 209 P.3d 696 (2009). Here, there was evidence presented at trial that Henning was aware of the order regarding the Cavalier issued by the divorce court. Moreover, there is evidence that he was not supposed to have a key to the vehicle. Although Henning texted McSwain a few days before this incident that she should not leave the Cavalier in the driveway during a storm, he did not text her to ask to move the car or even to tell her he was moving it on August 10, 2014. Accordingly, we find that there is sufficient evidence in the record regarding intent.

Finally, Henning contends that the district court committed cumulative error. Cumulative error can be a reason to reverse a conviction when no individual trial error is sufficient to support reversal, but the cumulative effect of multiple errors is so great as to require reversal. *State v. Warren*, 302 Kan. 601, 620, 356 P.3d 396 (2015). Because we do not find that the district court committed error in this case, there cannot be cumulative error. See *State v. Roeder*, 300 Kan. 901, 940, 336 P.3d 831 (2014).

Affirmed.